Tonia RANDELL, Plaintiff–Appellant,

v.

**LEVI STRAUSS & COMPANY, and Cindy Moore, Defendants– Appellees.**

No. 06–16125.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2008.*

Filed June 9, 2008.

Curtis G. Oler, Esq., Law Offices of Curtis G. Oler, San Francisco, CA, for Plaintiff–Appellant.

Michael W. Foster, Esq., Danielle Ochs– Tillotson, Esq., Foster & Associates, Oakland, CA, for Defendant–Appellee.

---

of the notoriety of Perez to rebut Yacoubian's testimony.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMAS and TROTT, Circuit Judges, and HOGAN,** District Judge.

**MEMORANDUM***

Tonia Randell appeals the grant of summary judgment for defendants. Randell's claims stem from her employment with Levi Strauss & Company, and the termination of that employment. We affirm for the reasons stated by the district court.

Randell thrice agreed in writing that her employment was terminable at will. Managers' oral representations that the company was fair, that Randell could retire from the company if she chose, and that Randell could remain with the company as long as she did her job, are insufficient to overcome the presumption of at-will employment. *Tomlinson v. Qualcomm, Inc.,* 97 Cal.App.4th 934, 944, 118 Cal.Rptr.2d 822 (2002). Randell did not reasonably rely on the representations as guarantees of her future with the company. *Slivinsky v. Watkins–Johnson Co.,* 221 Cal.App.3d 799, 807, 270 Cal.Rptr. 585 (1990). Because there was no express or implied contract limiting the company's ability to terminate Randell, Randell cannot establish an implied contract term of a covenant of good faith and fair dealing. *Starzynski v. Capital Public Radio, Inc.,* 88 Cal.App.4th 33, 39, 105 Cal.Rptr.2d 525 (2001).

In any event, a reasonable trier of fact could only conclude that the company terminated Randell's employment for cause. Defendants produced evidence that the company terminated Randell because she submitted false reports of time off for jury duty under the "Time off with Pay Program." Randell produced no evidence that this reason is a pretext for racial discrimination or retaliation. *See Noyes v.*

*Kelly Servs.,* 488 F.3d 1163, 1169 (9th Cir. 2007); *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000) (explaining that California courts look to federal precedent when applying the California Fair Employment and Housing Act). Randell also failed to produce evidence to contradict defendants' evidence that her supervisor was unaware of Randell's complaints.

Randell's fraud claim fails because the managers' statements about her future employment were opinions, not actionable representations. *Borba v. Thomas,* 70 Cal.App.3d 144, 152, 138 Cal.Rptr. 565 (1977). In addition, Randell cannot show that she detrimentally relied on any of the statements. *Slivinsky,* 221 Cal.App.3d at 807, 270 Cal.Rptr. 585.

The complaint does not allege sufficiently outrageous conduct to state a claim for intentional infliction of emotional distress ("IIED") under California law, and Randell produced no evidence of such conduct. *See Schneider v. TRW, Inc.,* 938 F.2d 986, 992 (9th Cir.1991).

The district court properly granted summary judgment for defendants on Randell's claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud and deceit, employment discrimination, retaliation and IIED.

**AFFIRMED.**

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited except as provided by 9th Cir. R. 36–3.